[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13504
Non-Argument Calendar

_____

BIA No. A77-843-348

JAMES NICOLEAU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 23, 2008)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

James Nicoleau petitions for review of the Board of Immigration Appeals' (BIA's) decision dismissing his appeal from the Immigration Judge's (IJ's) denial of his application for adjustment of status under the Haitian Refugee Immigration Fairness Act (HRIFA) and denial of his claims for asylum and withholding of removal under the Immigration and Nationality Act (INA) and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). Nicoleau contends the documentary evidence and testimony sufficiently proved his presence in the United States on December 31, 1995, to support adjustment of his status under HRIFA. Nicoleau also asserts he has a well-founded fear of future persecution due to his status as an "Americanized Haitian" to support his applications for asylum, withholding of removal, and CAT relief.

**I.**

We determine our subject matter jurisdiction *de novo. Alexis v. United States Att'y Gen.*, 431 F.3d 1291, 1293 (11th Cir. 2005). As a general matter, the HRIFA enumerates various conditions under which an alien who is a national of Haiti may apply to have his status adjusted to that of an alien lawfully admitted to this country for permanent residence. *Id.* However, HRIFA provides "[a] determination by the Attorney General as to whether the status of any alien should be adjusted under this section is final and shall not be subject to review by any court." HRIFA, Pub. L. No. 105-277, 1998 H.R. 4328 § 902(f); *see also* 8 C.F.R.

§ 245.15(v). Thus, we lack jurisdiction to review denial of adjustment of status under HRIFA unless a substantial constitutional challenge is presented. *Alexis,* 431 F.3d at 1294-95.

Nicoleau does not raise any constitutional arguments on appeal. Therefore, we lack jurisdiction over the BIA's decision with respect to denying Nicoleau relief under HRIFA, and we dismiss his petition with respect to this issue.

**II.**

When considering a petition to review a final order by the BIA, we review legal issues *de novo. Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). However, we review the BIA's factual findings under the substantial evidence test. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001). Under this test, we "affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Id.* at 1284 (citation omitted). "To reverse a factual finding by the BIA, [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." *Farquharson v. U.S. Att'y. Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001).

An alien who is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of Department of Homeland Security have discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself . . . of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group . . . .

8 U.S.C. § 1101(a)(42)(A). The alien carries the burden of proving statutory "refugee" status. *Al Najjar*, 257 F.3d at 1284. Uncorroborated, credible testimony from the applicant is sufficient to sustain an applicant's burden of proof for asylum. 8 C.F.R. § 208.13(a). In this case, Nicoleau does not argue he is eligible for asylum based on past-persecution; instead, he argues eligibility based on a well-founded fear of future persecution.

A well-founded fear of future persecution may be established by showing: (1) a reasonable possibility of personal future persecution that cannot be avoided by relocating within the subject country; or (2) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. 8 C.F.R. § 208.13(b)(2). "[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247 1258 (11th Cir. 2006). Moreover, when a petitioner's family remains in the country of origination without persecution, the petitioner's fear of future persecution may be undermined. *See id.* at 1259.

4

The record does not compel a conclusion that Nicoleau had a well-founded fear of future persecution due to his status as an "Americanized Haitian."[1] First, according to the background information on Haiti, violence and crime are pervasive in Haiti regardless of socio-economic or "Americanized" status. Further, Nicoleau testified he feared he may be kidnapped as part of widespread lawlessness in Haiti because he might be perceived to be wealthy. Fear of being a victim of crime in an atmosphere of general strife does not establish fear of harm due to a statutorily enumerated ground. *See Ruiz*, 440 F.3d at 1258. Further, Nicoleau's family's continued residence in Haiti without incident supports a finding that an objective well-founded fear of persecution does not exist. *See id.* at 1259. Therefore, Nicoleau failed to establish a well-founded fear of persecution on account of his membership in a particular social group to support his application for asylum.

Because Nicoleau did not establish he was qualified for asylum, he was also unable to meet the higher standard for withholding of removal and CAT relief. *See Al Najjar*, 257 F.3d at 1292-93, 1303-04. Accordingly, we deny his petition with respect to these issues.

**DISMISSED IN PART, DENIED IN PART**

---

[1] We do not need to address whether "Americanized Haitians" constitute a particular social group because there is no evidence that Nicoleau has a well-founded fear of future persecution on account of his membership in that group. *See* 8 U.S.C. § 1101(a)(42).